|   |   |
|---|---|
| DESHAWN D. LESLIE, | Case No. 1:16-cv-01698-SKO (PC) |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS ON DEFENDANTS' MOTION TO DISMISS** |
| v. | |
| OSCAR M. MADRIGAL, et al., | **(Doc. 29)** |
| Defendants. | **TWENTY-ONE DAY DEADLINE** |

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

## INTRODUCTION

Plaintiff, Deshawn Leslie, is a state prisoner proceeding *pro se* and *in forma pauperis* in this action pursuant to 42 U.S.C. § 1983. Defendants filed a motion to dismiss contending: (1) Plaintiff failed to exhaust the available administrative remedies in compliance with 42 U.S.C. § 1997e(a) on Claims I and II; (2) Claim I fails to state a cognizable claim under the Equal Protection Clause; (3) Claim II fails to state a cognizable claim under the Equal Protection Clause; and (4) any claim under the Eighth Amendment in Claim II should be dismissed as Plaintiff alleges neither physical injury nor sexual assault to support damages for mental or emotional injury. Defendants assert that leave to amend need not be granted as it would be futile. (Doc. 29.) Plaintiff filed an opposition, (Doc. 32), and Defendants did not file a reply. The motion is deemed submitted. L.R. 230(*l*).

/ / /

1

# FINDINGS

## A. Defendants' Motion Regarding Exhaustion of Administrative Remedies on Claims I and II

### 1. Statutory Exhaustion Requirement

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust available administrative remedies prior to filing suit, *Jones*, 549 U.S. at 211; *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002), and must "complete the administrative review process . . . ." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). Inmates must adhere to the "critical procedural rules" specific to CDCR's process. *Reyes v. Smith,* 810 F.3d 654, 567 (9th Cir. 2016).

"Under § 1997e(a), the exhaustion requirement hinges on the "availability' of administrative remedies: An inmate, that is, must exhaust available remedies, but need not exhaust unavailable ones." *Ross v. Blake*, --- U.S. ---, 136 S. Ct. 1850, 1858 (June 6, 2016). An inmate is required to exhaust only those grievance procedures that are "capable of use" to obtain "some relief for the action complained of." *Id.* at 1858-59, citing *Booth v. Churner,* 532 U.S. 731, 738 (2001).

### 2. Summary of CDCR's Inmate Appeals Process

The California Department of Corrections and Rehabilitation ("CDCR") has a generally available administrative grievance system for prisoners to appeal any departmental decision, action, condition, or policy having an adverse effect on prisoners' welfare, Cal. Code Regs., tit. 15, § 3084, *et seq*. Compliance with section 1997e(a) requires California state prisoners to use that process to exhaust their claims. *Woodford v. Ngo*, 548 U.S. 81, 85-86, 126 S.Ct. 2378 (2006); *Sapp v. Kimbrell*, 623 F.3d 813, 818 (9th Cir. 2010).

As of 2011, a CDCR inmate initiates the grievance process by submitting a Form 602, called an inmate appeal ("IA"), describing "the problem and action requested." Cal. Code Regs., tit. 15, § 3084.2(a). An IA must be submitted within 30 calendar days of the event or decision

being appealed, first knowledge of the action or decision being appealed, or receipt of an unsatisfactory departmental response to an appeal filed. Tit. 15 § 3084.8(b). The inmate is limited to raising one issue, or related set of issues per IA, in the space provided on the first page of the IA form and one attached page (which must be on the prescribed Attachment form "602-A") in which he/she shall state all facts known on that issue. Tit. 15 § 3084.2(a)(1),(2), & (4). All involved staff members are to be listed along with a description of their involvement in the issue. Tit. 15 § 3084.2(a)(3). Originals of supporting documents must be submitted with the IA; if they are not available, copies may be submitted with an explanation why the originals are not available, but are subject to verification at the discretion of the appeals coordinator. Tit. 15 § 3084.2(b). With limited exceptions, an inmate must initially submit his/her IA to the first-level. Tit. 15 § 3084.7. If dissatisfied with the first-level response, the inmate must submit the IA to the second-level within thirty days, and likewise thereafter to the third-level. Tit. 15 § 3084.2, & .7. First and second-level appeals must be submitted to the appeals coordinator at the institution for processing. Tit. 15 § 3084.2(c). Third-level appeals must be mailed to the Appeals Chief via the United States Postal Service. Tit. 15 § 3084.2(d).

### 3. Standards for Challenging Exhaustion

Exhaustion under § 1997e(a) is an affirmative defense that must be pled and proved by a defendant. *Jones v. Bock*, 549 U.S. 199, 216 (2007). Generally, challenges to an inmate's exhaustion efforts are appropriately raised in a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014).

As the Supreme Court has noted, "failure to exhaust is an affirmative defense under the PLRA, and . . . inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones*, at 216. "But in those rare cases where a failure to exhaust is clear from the face of the complaint, a defendant may successfully move to dismiss under Rule 12(b)(6) for failure to state a claim." *Albino*, at 1169, (citing *Jones*, at 215-16; *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984) (per curiam) ("[A]ffirmative defenses may not be raised by motion to dismiss, but this is not true when, . . . the defense raises no disputed issues of fact." (citation omitted)); *Aquilar-Avellaveda v. Terrell,* 478 F.3d 1223, 1225 (10th Cir. 2007) ("[O]nly in rare

cases will a district court be able to conclude from the face of the complaint that a prisoner has not exhausted his administrative remedies and that he is without a valid excuse.")).

### 4. Analysis[1]

Defendants contend it is apparent on the face of the Third Amended Complaint ("TAC") that Plaintiff did not exhaust available administrative remedies on Claim I and Claim II before he filed suit, entitling them to dismissal. (Doc. 29.)

In Claims I and II, Plaintiff checked the boxes indicating that there is an administrative remedy available at his institution and that he submitted a request for administrative relief on those claims. (Doc. 21, pp. 3, 4.) However, Plaintiff also checked the box indicating that he did not appeal his requests for relief to the highest level. (*Id.*) On the lines provided for Claim I, Plaintiff explained "the defendants took my complaint out (sic) the box every time I try (sic) to file it then when I try (sic) to mail it in they took it out the mail and gave it back." (*Id.*, p. 3.) On the lines provided for Claim II, Plaintiff explained "The two named Defendants kept taking out the Complaint out of the box and would not let me mail it out. took my complaint out (sic) the box every time I try (sic) to file it then when I try (sic) to mail it in they took it out the mail and gave it back." (*Id.*, p. 4.) Defendants contend these statements make it clear on the face of the TAC that Plaintiff did not exhaust his administrative remedies before filing suit. (Doc. 29, p. 7.)

Specifically, Defendants cite *Ross v. Blake*, --- U.S. ---, 136 S.Ct. 1850 (2016), and contend Plaintiff's statements that Defendants removed his complaint from "the box" and returned them to Plaintiff does not meet one of the "three circumstances where administrative remedies can be deemed [ ] unavailable." (Doc. 29, p. 8.) The Court provided three examples of circumstances in *Ross* where administrative remedies could be deemed unavailable: (1) it operates as a simple dead end; (2) it is essentially unknowable, so that no ordinary prisoner can make sense of what it demands; or (3) an inmate's pursuit of relief is thwarted through machination, misrepresentation, or intimidation by prison administrators. *Ross,* at 1859. The Court agrees with Defendants that the first two exceptions from *Ross* are inapplicable. However,

---

[1] All references to pagination of specific documents pertain to those set forth on the upper-right corners via the CM/ECF electronic court docketing system.

4

Defendants' contention that Plaintiff's explanations under Claim I and Claim II do not meet the third exception is untenable.

Plaintiff does not simply state that Defendants removed his appeals from the box and returned it to him as Defendants suggest. (Doc. 29, p. 8.) Rather, in Claim I, Plaintiff explains the defendants removed his appeals from the box every time he tried to file them and removed it from the mail when he tried to mail them. (Doc. 21, p. 3.) In Claim II, Plaintiff explains that Defendants kept removing his appeals from the box and would not let him mail them out. (*Id.*, p. 4.)

Plaintiff's allegations are to be leniently construed in his favor and afforded the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Defendants contend that Plaintiff's explanations does not rise to the type of "machination, misrepresentation, or intimidation" contemplated by the Court in *Ross*. (*Id.*) However, Defendants fail to account for *Andres v. Marshall*, 867 F.3d 1076 (9th Cir. 2017), which found the failure to properly process an inmate's appeal equates to "prison officials 'thwart[ing] inmates from taking advantage of [the] grievance process,'" thereby rendering the process "unavailable." *Id.*, at 1078-79 (quoting *Ross*, 136 S.Ct. at 1859; *cf. Brown v. Valoff*, 422 F.3d 926, 943 n.18 (9th Cir. 2005)). Removing an inmate's appeals from both the box where inmates are to deposit them and from the mail when the inmate attempts to mail them out qualifies as failing to properly process Plaintiff's appeals which thwarted Plaintiff from taking advantage of the grievance process. The Court is unable to find that failure to exhaust is clear from the face of the TAC so as to recommend granting Defendants' motion to dismiss. *Albino*, 747 F.3d at 1169.

The Court also declines Defendants' request to find that Plaintiff could have given his appeal to other prison staff since the Defendants do not work every day, every shift, and are not the only prison employees with whom Plaintiff comes into contact on a daily basis. (Doc. 29, pp. 8-9.) Defendants contend that the Court should make this finding based on "its judicial experience and common sense." (*Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).) While Defendants' scenario is not unreasonable, Plaintiff presents a different rendition that likewise is not beyond reason. Plaintiff contends that Defendants had access to all outgoing mail

as Defendant Madrigal worked each day mail is picked up, Defendant Brown worked on the days mail goes out, and other correctional staff declined to accept Plaintiff's appeals—instead directing Plaintiff to place them in the box where Defendants extracted them. (Doc. 32, pp. 2-3.) Such arguments are properly considered under Rule 56 upon submission of evidence and not pursuant to a motion to dismiss under Rule 12(b)(6).

The Court cannot find that failure to exhaust is clear from the face of the TAC. *Albino*, 747 F.3d at 1169. Removing Plaintiff's appeals from the box and prohibiting him from mailing them as Plaintiff alleges in the TAC, constitutes thwarting of the grievance process that, at this stage, is accepted as rendering the administrative remedies unavailable on Claims I and II. This is particularly true since "[i]nmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007). Accordingly, Defendants' motion to dismiss Claims I and II based on Plaintiff's failure to exhaust administrative remedies should be denied.

### B. Defendants' Motion to Dismiss Claim I

Defendants contend Plaintiff's allegations in Claim I do not state a cognizable Equal Protection claim. (Doc. 29, p. 9.)

#### 1. Plaintiff's Allegations

In Claim I, (Doc. 21, p. 3), Plaintiff alleges that, on April 4 and April 5, 2017, Defendants deprived him of equal protection and conspired to search his cell, terrorize, and harass Plaintiff. Plaintiff alleges that Defendants trashed his cell, damaged his property, and told Plaintiff they do not like blacks and want them all put down or out of the building. Defendants then searched two other cells, but told the inmates "they have to do this but they was (sic) going to just walk in and out." (*Id.*) Plaintiff alleges that Defendants did this every time Plaintiff tried to file a complaint against them. (*Id.*) Defendants would then take Plaintiff's complaint out of the box and give it back to Plaintiff after they searched his cell. (*Id.*) Plaintiff alleges Defendants called him a "Nigger," damaged his property, and threatened his safety. (*Id.*)

#### 2. Equal Protection Standards

The Equal Protection Clause requires that persons who are similarly situated be treated

alike. *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439(1985); *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013); *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013); *Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir. 2008). To state a claim, Plaintiff must show that Defendants intentionally discriminated against him based on his membership in a protected class. *Hartmann*, 707 F.3d at 1123; *Furnace*, 705 F.3d at 1030; *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003); *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005); *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001).

If the action in question does not involve a suspect classification, a plaintiff may establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. *Engquist v. Oregon Department of Agriculture*, 553 U.S. 591, 601-02 (2008); *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *San Antonio School District v. Rodriguez*, 411 U.S. 1 (1972); *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 592 (9th Cir. 2008); *North Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008), *see also Squaw Valley Development Co. v. Goldberg*, 375 F.3d 936, 944 (9th Cir.2004); *Sea River Mar. Fin. Holdings, Inc. v. Mineta*, 309 F.3d 662, 679 (9th Cir. 2002). To state an equal protection claim under this theory, a plaintiff must allege that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. *Village of Willowbrook*, 528 U.S. at 564. To establish a violation of the Equal Protection Clause, the prisoner must also present evidence of discriminatory intent. *See Washington v. Davis*, 426 U.S. 229, 239-240 (1976); *Serrano*, 345 F.3d at 1081-82; *Freeman v. Arpio*, 125 F.3d 732, 737 (9th Cir. 1997).

**3. Analysis**

Defendants acknowledge that it can be inferred from Plaintiff's allegations that Plaintiff is claiming race as a protected class. (Doc. 29, p. 9.) Defendants contend, however, that Plaintiff's claim is not cognizable because he fails to allege that the other cells that were not searched in a similar way "belonged to inmates of a different race." (*Id.*) Defendants contend

7

that even though Plaintiff is a member of a suspect classification, he must also allege he was treated differently than inmates of other races. This is simply incorrect. Plaintiff's claim is cognizable under the first theory presented above based on his race, which is a suspect classification. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) ("Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race."). Difference in treatment must be alleged and shown for claims not based on a suspect classification. *Engquist v. Oregon Department of Agriculture*, 553 U.S. 591, 601-02 (2008). Thus, Defendants' motion to dismiss Claim I as not cognizable should be denied.

### C. Defendants' Motion to Dismiss Claim II

#### 1. Plaintiff's Allegations

In Claim II, (Doc. 21, p. 4), Plaintiff alleges that, on April 5, 2016, Officer Madrigal threatened to kick Plaintiff's "ass" if Plaintiff didn't stop trying to file complaints against him and Officer Brown. On May 19, 2016, Officer Madrigal tried to incite violence against Plaintiff by telling Inmate R. Murphy and his cellie that Plaintiff was calling Inmate Murphy's wife in an attempt to get those inmates to assault Plaintiff. This allegedly caused Plaintiff to fear for his safety and to stop leaving his cell.

#### 2. Equal Protection

Defendants contend that Plaintiff's allegations in Claim II do not state a cognizable Equal Protection claim. (Doc. 29, p. 10.) Though Plaintiff typed "EQUAL PROTECTION OF THE LAW" on the line to indicate which federal civil right was violated, in the following section, he checked the box indicating the issue involved a "Threat to safety." (Doc. 21, p. 4.) Leniently construed, it appeared that Plaintiff typed "EQUAL PROTECTION OF THE LAW" in error as none of his allegations in Claim II infer any discriminatory action. (*Id.*) Plaintiff's allegations were screened and found cognizable under the Eighth Amendment's standards for conditions of confinement jeopardizing Plaintiff's safety. (Doc. 16, pp. 7-9.)[2] Plaintiff did not object to this

---

[2] The screening order (Doc. 16) addressed Plaintiff's allegations in the Second Amended Complaint ("SAC") (Doc. 15.) However, Plaintiff was granted leave to file the TAC in which he merely corrected the year in his allegations of Claim I. (*See* Docs. 19, 20, 22; compare Doc. 15, with Doc 21.)

8

assessment and thus proceeds on a claim under the Eighth Amendment on Claim II. To the extent that Claim II encompasses a claim under the Equal Protection Clause, Defendants' motion should be granted.

### 3. Eighth Amendment

Defendants also move to dismiss Plaintiff's claim in Claim II under the Eighth Amendment. (Doc. 29, p. 10.) Defendants contend that Plaintiff seeks mental or emotional injury under Claim II which "must fail" since Plaintiff fails to allege physical injury or commission of a sexual act as required by 42 U.S.C. § 1997e(a). (*Id.*) However, the Supreme Court has held that it would be inappropriate to deny relief to an inmate subjected to an unsafe, life-threatening condition "on the ground that nothing yet had happened to them." *Helling v. McKinney*, 509 U.S. 25, 33-34 (1993). The Court cited with approval two decisions by Court of Appeals that "plainly recognized that a remedy for unsafe conditions need not await a tragic event. . . ." *Id.*, (citing *Rhodes v. Chapman*, 452 U.S. 337, 352, n. 17 (1981); *Gates v. Collier*, 501 F.2d 1291 (CA5 1974) ("inmates were entitled to relief under the Eighth Amendment when they proved threats to personal safety from exposed electrical wiring, deficient firefighting measures, and the mingling of inmates with serious contagious diseases with other prison inmates"); *Ramos v. Lamm*, 639 F.2d 559, 572 (10th Cir. 1980) ("a prisoner need not wait until he is actually assaulted before obtaining relief")).

Plaintiff's statement that Defendants' acts in Claim II caused him to fear for his safety and stop coming out of his cell do not prohibit this claim because he seeks redress for emotional or mental injury without physical injury or sexual assault. Instead, leniently construed, this statement does not allege emotional or mental injury, but supports the seriousness of the acts alleged in Claim II, constituting a cognizable claim under the Eighth Amendment for deliberate indifference to Plaintiff's safety, which does not require physical injury. To the extent that the allegations in Claim II might be inferred to seek damages for emotional or mental injury, Defendants' motion should be granted. Plaintiff should be prohibited from seeking any damages for mental or emotional injury. However, Defendants' motion to dismiss Claim II in its entirety should be denied as physical injuries are not required for a safety claim under the Eighth

Amendment. *Helling*, 509 U.S. at 33-34.

**<u>RECOMMENDATION</u>**

Based on the foregoing, the Court HEREBY RECOMMENDS that Defendants' motion to dismiss, filed on July 9, 2018, (Doc. 29), be ruled on as follows:

1. Defendants' motion to dismiss Claims I and II based on Plaintiff's failure to exhaust available administrative remedies in compliance with 42 U.S.C. § 1997e(a) be DENIED;[3]

2. Defendants' motion to dismiss any claims under the Equal Protection Clause in Claim II be GRANTED and Plaintiff be given opportunity to amend his allegations, if he desires to do so;

3. Defendants' motion to dismiss any claims under the Eighth Amendment for deliberate indifference to Plaintiff's safety in Claim II be DENIED;

4. Defendants' motion to dismiss claims for damages based on mental and emotional injury in Claim II be DENIED; and

5. Defendants' motion to dismiss Claim II in its entirety because Plaintiff fails to allege physical injuries be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **<u>Within 21 days</u>** after being served with these Findings and Recommendations, the parties may file written objections with the Court. Local Rule 304(b). The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson*, 772 F.3d at 838-39 (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 3, 2019**          /s/ *Sheila K. Oberto*

---

[3] Nothing in this recommendation should be construed to prohibit Defendants from raising this issue under Rule 56 after any necessary discovery thereon has been conducted.

UNITED STATES MAGISTRATE JUDGE