1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   DESHAWN D. LESLIE,                    1:16-cv-001698 AWI SKO (PC)

12              Plaintiff,
                                           ORDER DENYING MOTION FOR
13        v.                               APPOINTMENT OF COUNSEL

14   MADRIGAL, et al.,                     (Docs. 36, 37)

15              Defendants.

16

17        On March 15, 2019, Plaintiff filed a motion seeking the appointment of counsel.  (Doc.

18   36.)  Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v.

19   Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to

20   represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for

21   the Southern District of Iowa, 490 U.S. 296, 298 (1989).  However, in certain exceptional

22   circumstances the Court may request the voluntary assistance of counsel pursuant to section

23   1915(e)(1).  Rand, 113 F.3d at 1525.

24        Without a reasonable method of securing and compensating counsel, the Court will seek

25   volunteer counsel only in the most serious and exceptional cases.  In determining whether

26   "exceptional circumstances exist, the district court must evaluate both the likelihood of success of

27   the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the

28   complexity of the legal issues involved."  Id. (internal quotation marks and citations omitted).

1

1    In the present case, the Court does not find the required exceptional circumstances.  Even

2 if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations

3 which, if proved, would entitle him to relief, this case is not exceptional.  This Court is faced with

4 similar cases almost daily and is, as of yet, unable to make a determination that Plaintiff is likely

5 to succeed on the merits.  Based on a review of the record in this case, the Court does not find that

6 plaintiff cannot adequately articulate his claims; nay, the vast majority of his claims survived

7 Defendants' motion to dismiss.

8    Plaintiff also filed a motion for leave to file an amended complaint.  (Doc. 37.)  The order

9 adopting the Findings and Recommendations on Defendants' motion to dismiss granted Plaintiff

10 leave to file a fourth amended complaint, curing defects in his allegations under Claim II.  (Doc.

11 35.)  Thus, to the extent that Plaintiff seeks leave to amend his allegations in Claim II, his motion

12 is moot since leave has already been given.[1]

13    For the foregoing reasons, Plaintiff's motion for the appointment of counsel is HEREBY

14 DENIED, without prejudice and his motion for leave to file an amended complaint is

15 DISREGARDED as moot.

16

17 IT IS SO ORDERED.

18 Dated:   **March 19, 2019**                        /s/ *Sheila K. Oberto*
19                                        UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27

28

---

[1] Plaintiff's motion fails to address any of the requirements of Federal Rules of Civil Procedure 15 and/or 16 for amending pleadings beyond Claim II.

2