# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DESHAWN D. LESLIE,** | **Case No. 1:16-cv-01698-AWI-SKO (PC)** |
| **Plaintiff,** | **FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT OR TO FILE AN AMENDED COMPLAINT and TO DENY PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF** |
| v. | |
| **MADRIGAL, et al.,** | |
| **Defendants.** | **(Docs. 40, 41)** |
| | **Twenty-One (21) Day Deadline** |

## **FINDINGS**

### I. Background

Plaintiff, Deshawn D. Leslie, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff proceeded on his Third Amended Complaint which was screened and found to state cognizable claims. (Docs. 21, 22.)

Upon service of process, Defendants filed a motion to dismiss some of Plaintiff's claims. (Doc. 29.) Defendants' motion was denied, with the exception of Plaintiff's claims under the Equal Protection Clause in Claim II; Plaintiff was granted leave to file a fourth amended complaint to attempt to cure defects in that claim. (Doc. 35.)

On April 1, 2019, Plaintiff filed the Fourth Amended Complaint. (Doc. 39.) On April 10, 2019, however, Plaintiff filed a motion for leave to supplement or to file a fifth amended

1

complaint (Doc. 41), and lodged a "Proposed Supplemental Complaint" ("PSC"), (Doc. 42).[1] Plaintiff concurrently filed a motion for temporary restraining order or for preliminary injunction. (Doc. 40.) For the reasons set forth below, both Plaintiff's motion to amend and his motion for injunctive relief should be denied.

## II. <u>Amendment of Pleadings -- Rule 15(a):</u>

Federal Rule of Civil Procedure[2] 15(a)(2) states "[t]he court should freely give leave [to amend a pleading] when justice so requires." The Ninth Circuit has repeatedly stressed that the standard for granting leave to amend is generous. *U.S. v. Corinthian Colleges,* 655 F.3d 984, 995 (9th Cir. 2011) (citations and quotations omitted); *see also Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1051 (9th Cir. 2003); *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)). Although amendment "is not to be granted automatically," *In re Western States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013), the circumstances under which Rule 15(a) "permits denial of leave to amend are limited." *Ynclan v. Department of Air Force*, 943 F.2d 1388, 1391 (5th Cir. 1991). Whether to grant or deny leave to amend is well within the discretion of the trial court. *Swanson v. United States Forest Service*, 87 F.3d 339, 343 (9th Cir. 1996).

Five factors must be considered when assessing the propriety of leave to amend: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether prior amendment has occurred. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Loehr v. Ventura County Community College Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984). These factors are not of equal weight; prejudice to the opposing party has long been held to be the most crucial factor in determining whether to grant leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight"). Futility can also justify denial of leave to amend. *Bonin v. Calderon*, 59 F.3d 815 (9th Cir. 1995). This is particularly so

---

[1] Though the time to file an opposition has not yet passed, Defendants will not be prejudiced by early consideration of Plaintiff's motion since the Court recommends it be denied.
[2] The Federal Rules of Civil Procedure are hereinafter referred to as "Rule *."

when the proposed amended pleading fails to state a claim upon which relief could be granted or would otherwise succumb under Rule 12(b)(6). *Shane v. Fauver*, 213 F.3d 113 (3rd Cir. 2000).

Here, leave to amend would be futile and, for the reasons discussed below, should not be granted since Plaintiff may not proceed on the claims raised in the PSC without violating Rules 18 and 20.

### A. Analysis

Rule 18(a) allows a party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim to join, either as independent or as alternate claims, as many claims as the party has against an opposing party. A plaintiff may not, however, bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a) (Joinder of Claims), 20(a)(2) (Permissive Joinder of Parties); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff's claims in the PSC cannot proceed in this action since they involve a distinct sets of defendants, and are based on separate factual events from those on which Plaintiff proceeds in this action.

Plaintiff is proceeding in this action against Defendants Officers Madrigal and Brown ("Defendants") on claims for violation of his rights under the Eighth Amendment and the Equal Protection Clause. (*See* Docs. 21, 22, 34, 35.) Claim I is based on events that occurred on April 4 and April 5, 2017, when Defendants allegedly searched Plaintiff's cell in a "terrorizing" and "harassing" manner, while uttering racial slurs. (*Id.*) Claim II is against Defendant Madrigal based on the following two events: (1) on April 5, 2016, when Officer Madrigal allegedly threatened to kick Plaintiff's "ass" if Plaintiff didn't stop trying to file complaints against him and Officer Brown, and (2) on May 19, 2016, when Officer Madrigal tried to incite violence against Plaintiff by telling Inmate R. Murphy and his cellmate that Plaintiff was calling Inmate Murphy's wife in an attempt to get those inmates to assault Plaintiff. (*Id.*)

In the PSC, Plaintiff seeks to add six new defendants and four claims based on events that occurred in 2019. Specifically, Plaintiff seeks to add the following defendants: Correctional Officers Jeremy Claborn and John Does #1, #2, & #3; Captain Gonzales; and Sergeant B. Anderson. Plaintiff alleges that, on January 11, 2019, Officer Claborn told Plaintiff that Plaintiff

needed to stop "telling on" Officer Claborn's partners or Officer Claborn was going to "kick [Plaintiff's] ass." (Doc. 42, pp. 1-5.) Plaintiff informed Captain Gonzales who did nothing. (*Id.*) Plaintiff attempted to file an inmate appeal on the incident, but Sgt. Anderson removed it from the box and ripped it up in front of Plaintiff. (*Id.*) Plaintiff further alleges that, in March of 2019, Doe #1 stopped Plaintiff on his way to receive his medications and told Plaintiff to drop this lawsuit or he would see to it that Plaintiff gets "fucked up" when he his housed in Doe #1's building. (*Id.*) Does 1 through 3 solicited other inmates to assault Plaintiff because of this action and because Plaintiff was the Chairman of the Inmate Advisory Council ("IAC"). (*Id.*) Plaintiff alleges that these incidents violated his rights to safety and protection, and subjected him to unconstitutional retaliation. (*Id.*)

"Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly and severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; *and* (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2) (emphasis added); *see also Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997); *Desert Empire Bank v. Insurance Co. of North America*, 623 F.3d 1371, 1375 (9th Cir. 1980). Here, the allegation that the events in the PSC occurred in retaliation for Plaintiff filing and pursuing this action is insufficient to make them related to this action for purposes of Rule 20. Plaintiff's claims in this action and those raised in the PSC do not share commons questions of law or fact to all defendants, as required by Rule 20. Fed. R. Civ. P. 20(a)(2).

Under Rule 18(a), generally "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Only if the defendants are properly joined under Rule 20(a) will the Court determine whether Plaintiff's claims are properly joined under Rule 18(a), which permits the joinder of multiple claims against the same party. However, even if all the defendants in this action were properly joined under Rule 20(a), there is no similarity of defendants, or even a single similar defendant, between those in this action and the PSC for joinder under Rule 18. Plaintiff

4

may pursue the allegations raised in the PSC in a separate action,[3] but may not pursue them in this action without violating Rules 18 and 20. Thus, Plaintiff's motion for leave to supplement or to file an amended complaint in this action is futile and should be denied.

### III. <u>**Preliminary Injunctive Relief**</u>

Plaintiff requests a temporary restraining order or preliminary injunction based on the events alleged in the PSC. (Doc. 40.) Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Id.* Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." The pendency of this action does not give the Court jurisdiction over prison officials in general or over the conditions of Plaintiff's confinement. *Summers v. Earth Island Institute*, 555 U.S. 488, 492-93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the cognizable legal claims upon which this action is proceeding. *Summers*, 555 U.S. at 492-93; *Mayfield*, 599 F.3d at 969.

As discussed above, none of the Defendants in this action are named in the PSC. Plaintiff seeks the temporary restraining order and/or preliminary injunction against the prison staff named in the PSC and based on actions alleged therein—not against any of the Defendants for actions upon which this case proceeds. "A federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not before the court.*" *Zepeda v. United States Immigration Service*, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added). Accordingly, Plaintiff's motion

---
[3] Any action based on the PSC will be subject to screening under 28 U.S.C. § 1915A(a).

must be denied for lack of jurisdiction over the persons in the PSC whom Plaintiff seeks to have restrained from retaliating against him.

As noted above, Plaintiff is not precluded from attempting to state cognizable claims in a new action based on the events stated in the PSC if he believes his civil rights are being violated beyond his pleadings in this action. The issue is not that Plaintiff's allegations are not serious, or that Plaintiff is not entitled to relief if sought in the proper forum. The seriousness of Plaintiff's accusations concerning retaliatory threats to his safety and protection, however, cannot and do not overcome what is a *jurisdictional* bar. *Steel Co.*, 523 U.S. at 103-04 ("[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence.") This action is simply not the proper vehicle for conveyance of the relief Plaintiff seeks.[4] However, the Litigation Office and Warden are requested to look into the matter to address Plaintiff's safety and security concerns.[5]

**IV.  Conclusions and Recommendations**

For the reasons discussed above, Plaintiff should not be allowed to pursue claims based on the allegations in the PSC; doing so would violate Rules 18 and 20 and thus be futile. Plaintiff's motion for temporary restraining order or injunctive relief should also be denied, since they are based on the incidents alleged in the PSC which are unrelated to the Defendants and the claims on which Plaintiff proceeds in this action.

Accordingly, the Court **RECOMMENDS** that:
   (1) Plaintiff's motion for leave to file a supplemental complaint or file an amended complaint, filed on April 10, 2019, (Doc. 41), be DENIED; and
   (2) Plaintiff's motion for temporary restraining order or for preliminary injunction, filed on April 10, 2019, (Doc. 40), be DENIED.

---

[4] Plaintiff's motion also fails to make the requisite showing, supported by admissible evidence, to obtain a preliminary injunction. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20-4, 129 S.Ct. 365, 376 (2008). It is unnecessary, however, to reach the merits of Plaintiff's motions in light of the fact that the jurisdictional issue is fatal to his requests for relief. *Summers*, 555 U.S. at 493, 129 S.Ct. at 1149; *Mayfield*, 599 F.3d at 969.

[5] How this is best facilitated in light of Plaintiff's housing status and other custody or classification factors is left to the sound discretion of prison officials.

The Clerk's Office is directed to forward a copy of this order and Plaintiff's motion to the Litigation Coordinator and Warden at California Correctional Institution, so they may take appropriate steps to ensure for Plaintiff's safety.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within 21 days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 19, 2019**　　　　　　　　　　/s/ *Sheila K. Oberto*
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE