# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESHAWN D. LESLIE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MADRIGAL, et al.,<br><br>　　　　Defendants. | 1:16-cv-01698-AWI-SKO (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER STRIKING REPLY TO DEFENDANTS' ANSWER**<br><br>(Docs. 51, 59) |

　　　Plaintiff, Deshawn D. Leslie, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's reply (Doc. 49) to Defendants' answer (Doc. 43) to the Fourth Amended Complaint was stricken on May 6, 2019 (Doc. 51). On May 24, 2019, Plaintiff filed a motion requesting reconsideration of the order striking his reply. (Doc. 59.)

　　　Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." *Id.* (internal quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of

1

the prior motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

In his motion, Plaintiff contends that every book he has read states: "If the defendant files an answer, the Plaintiff will have 20 days to file a reply brief." (Doc. 59.) Plaintiff states that Rule 12(a)(1)(C) of the Federal Rules of Civil Procedure requires him to file a reply to Defendants' answer. (*Id.*) Rule 12(a)(1)(C), however, provides that "[a] party must serve a reply to an answer within 21 days after being served with **an order to reply** . . . ." No such order has issued in this action. Thus, Plaintiff has neither a duty, nor a right to file a reply to Defendants' answer. As such, Plaintiff has not demonstrated that this Court's order striking his reply to Defendants' answer was clearly erroneous.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 303, this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the order striking Plaintiff's reply to Defendants' answer to the Fourth Amended Complaint, issued on May 6, 2019, (Doc. 51), to be supported by the record and proper analysis. Accordingly, Plaintiff's motion for reconsideration of the order striking Plaintiff's reply to Defendants' answer, filed May 24, 2019, (Doc. 51), is **HEREBY DENIED**.

IT IS SO ORDERED.

Dated: **May 29, 2019**                    /s/ *Sheila K. Oberto*
                                            UNITED STATES MAGISTRATE JUDGE